SO ORDERED.

SIGNED this 27 day of June, 2007.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. |
| PEGGY L. JONES | 06-00380-8-RDD |
| DEBTOR | |

### ORDER ALLOWING MOTION FOR SANCTIONS

The matter before the court is the debtor's motion for sanctions against Beneficial. A hearing was held in Fayetteville, North Carolina on June 25, 2007.

The debtor filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on February 10, 2006. At that time, Beneficial was notified by the debtor's attorney of the pending bankruptcy. On February 14, 2006, Beneficial was further served with a notice of the filing by the bankruptcy court. In December 2006, this court entered an order for sanctions against Beneficial for multiple violations of the automatic stay. This order was based upon Beneficial's mailing of several billing statements to the debtor, as well as numerous phone calls made to the debtor regarding the amounts owed to Beneficial by the debtor. On February 7, 2007, an order to show cause was entered against Beneficial for its failure to pay

the sanctions required by the December 2006 order. After this order was entered, counsel for Beneficial and counsel for the debtor entered into a negotiated settlement regarding the sanctions, and a settlement check was received from Beneficial on March 9, 2007.

On April 6, 2007, the debtor received a telephone call from a representative of Beneficial regarding the debt owed by her to Beneficial. The debtor referred the representative to her attorney. On April 9, 2007, the debtor received a letter from Beneficial, dated April 2, 2007, with regard to the debt owed. Debtor's Exhibit B. She also received another letter, which was addressed to her attorney, dated April 9, 2007. Debtor's Exhibit A. Based upon these continuing violations of the automatic stay, the debtor seeks additional sanctions against Beneficial.

Counsel for Beneficial argues that the telephone call and the letters were both generated as a result of the mistake of one employee of Beneficial. Ms. Sheree Wilson received notice of the order dismissing the show cause order against Beneficial, and mistakenly believed it to be a dismissal of the debtor's bankruptcy case. Based upon this belief, Ms. Wilson changed the status of the debtor's account from bankruptcy to collection. Counsel for Beneficial argues that this mistake was an honest error, and does not rise to the level of the willful violation required for the entry of sanctions provided for in 11 U.S.C. § 362. Counsel further indicates that Beneficial has now enacted additional training for its employees with regard to reviewing orders and confirming the status of cases using PACER. Beneficial presented no testimony by witnesses at the hearing.

The debtor testified that she now has a feeling that Beneficial will never stop pursuing her for collection of the debt owed to it. As a result of the continued contact made by Beneficial, the debtor has

2

had to increase the frequency of her visits to her counselor and therapist and has been placed on additional medications for depression and sleep deprivation. She has had to spend an additional $400.00 for prescription medication.

In the case of In re Armstrong, 96 B.R. 55 (Bankr. E.D.N.C. 1989), the court states:

> It has been held that a violation of the automatic stay is willful where the creditor knows of the debtor's bankruptcy and intentionally engages in acts later found to violate the stay. If a creditor is uncertain about the scope of the automatic stay, he takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court.

(Citations omitted). In other words, willfulness does not refer to the intent of the creditor to violate the automatic stay, but rather the creditor's intent to commit the acts which violate the automatic stay, when the creditor knows of the debtor's bankruptcy. If the creditor intentionally acts and its actions violate the automatic stay, then the creditor's acts are willful. Beneficial intentionally made the phone call to the debtor. Beneficial intentionally sent the collection letters to the debtor. Beneficial knew of the existence of the debtor's bankruptcy and of the automatic stay because Beneficial had been sanctioned previously in this same case. If anything, because of these previous sanctions, Beneficial should have been more careful in its reading of the dismissal of the order to show cause, not less careful.

Based on the foregoing, the court finds that Beneficial's violation of the automatic stay, committed by making a telephone call to the debtor and sending two letters to the debtor, after having previously been sanctioned, was willful. The debtor is entitled to recover actual damages in the amount of $400.00. The court further finds that punitive damages in the amount of $3000.00 should be awarded in this case. The debtor is entitled to recover attorney fees in the amount of $1500.00 to be paid to Robert Fuller, counsel

for the debtor. All sanctions are to be paid to the debtor and debtor's counsel within ten days from the entry of this order.

**SO ORDERED**.

**END OF DOCUMENT**